Dominick & Dickerson v. Deutsche Oel & Gas AG

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> Circuit Judges.

_____

DOMINICK & DICKERMAN LLC,

Plaintiff–Appellant,

-v.-                                                        17-3049

DEUTSCHE OEL & GAS AG,

Defendant-Appellee.

_____

**FOR PLAINTIFF-APPELLANT:**   William R. Fried, Herrick, Feinstein LLP, New York, NY.

**FOR DEFENDANT–APPELLEE:**   Brian A. Sutherland, Reed Smith LLP, San Francisco, CA.
Joshua T. Newborn, Reed Smith LLP, Pittsburgh, PA, <u>on the brief</u>.
Samuel Kadosh, Reed Smith LLP, New York, NY, <u>on the brief</u>.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In this diversity case, Dominick & Dickerman LLC ("Dominick") alleges that Deutsche Oel & Gas AG ("DOGAG") breached a financial services agreement by failing to pay Dominick its fee, that DOGAG breached the implied covenant of good faith and fair dealing, and that DOGAG was unjustly enriched by its actions.   The United States District Court for the Southern District of New York (Castel, <u>J.</u>) denied Dominick's motion for summary judgment, and subsequently granted DOGAG's motion for summary judgment and entered judgment in favor of DOGAG.   Dominick appeals both orders.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

DOGAG is a German holding company whose subsidiaries engage in the development of natural gas and oil resources.   When one of its subsidiaries sought to develop an offshore production facility in Alaska, DOGAG engaged Dominick, an investment bank, to aid in procuring project financing.   Under their agreement, Dominick agreed to "use its commercially reasonable efforts to assist DOGAG to: (a) secure up to [$325 million] in primarily debt-based funding

. . . and, (b) undertake such other activities as the parties may from time-to-time mutually agree and determine." JA 25.

Dominick sent an initial target list of potential investors to DOGAG and eventually identified two potential investors who provided term sheets to DOGAG for the funding. However, DOGAG ultimately chose to accept funding from an investor--Energy Capital Partners ("ECP")--with whom Dominick had never spoken. DOGAG negotiated the terms of the funding with ECP and closed the deal on its own. Under Dominick's reading of the agreement, it was nevertheless entitled to a fee. DOGAG contended that it was not required to pay because Dominick did not assist in securing the funding.

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y, 769 F.3d 807, 815 (2d Cir. 2014) (quoting Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund, Ltd., 661 F.3d 164, 171 (2d Cir. 2011)). When both parties have moved for summary judgment, we "assess each motion on its own merits" and "view the evidence in the light most favorable" to the non-moving party. Wachovia Bank, 661 F.3d at 171.

**1.** The district court held that the agreement did not entitle Dominick to a fee for the funding provided by ECP on the ground that the agreement conferred on Dominick an exclusive agency, rather than an exclusive right to sell. In other words, DOGAG was forbidden from hiring another broker to secure funding but retained the right to seek funding itself. Because DOGAG ultimately secured funding from ECP through its own efforts, and not through Dominick or any other broker, the district court concluded that DOGAG was not required to pay Dominick a finder's fee.

We agree with the district court. The agreement provides that it "shall be governed by and construed in accordance with the laws of the State of New York." JA 29. Under New York law, "a contract giving rise to an exclusive right of sale must clearly and expressly provide that a commission is due upon

3

sale by the owner or exclude the owner from independently negotiating a sale." Morpheus Capital Advisors LLC v. UBS AG, 23 N.Y.3d 528, 535 (2014) (internal quotation marks omitted). Here, the agreement is one of exclusive agency because it does not include such clear and express language.

Dominick's arguments regarding the fee provision, including the clause that provides that Dominick would receive half its fee if funding is procured from any entity listed in "Schedule 1," are unavailing because this section does not expressly provide that Dominick is entitled to a fee if funding is procured by DOGAG or that DOGAG is forbidden from independently seeking funding. Because the paragraph is silent, we cannot assume that the fee provision was intended to apply to funding procured by DOGAG alone. That Dominick would receive a fee for "any funding" is not the type of clear and express statement envisioned by Morpheus to grant an exclusive right to sell.[1] JA 26. This is particularly so where throughout the agreement the term "Funding" is used to denote funding that is procured by Dominick.

Similarly, the provision allowing for circumstances under which Dominick would be entitled to a fee if a funding were closed in the 12-month period following termination of the agreement does not provide that Dominick is entitled to a fee if such funding is procured solely by DOGAG, either during the term of the agreement or afterward. In addition, such a provision is entirely consistent with an exclusive agency agreement.

Dominick also asks the Court to look to parol evidence to determine the intent of the parties. But the New York Court of Appeals has expressly "decline[d] these invitations in favor of a rule that" an exclusive right to sell is only created with an "unequivocal expression of intent by its own terms or by

---

[1] Morpheus gave the following examples of sufficiently clear language: "a Success Fee is payable regardless of whether the broker has actually procured the Purchase Agreement"; "[the owner] will proceed only through the broker and will not directly or through others negotiate the sale"; and "[the owner will] refer all inquiries or offers to [the broker] for negotiation". 23 N.Y.3d at 535 n.2 (internal quotation marks omitted).

4

necessary implication from its terms." Morpheus, 23 N.Y.2d at 535 (internal quotation marks omitted). In addition, where an agreement includes a merger clause, as this one does, and is not ambiguous, parol evidence is not admissible. See, e.g., Schron v. Troutman Sanders LLP, 20 N.Y.3d 430, 433–34 (2013).

**2.** Dominick argues that DOGAG breached the implied covenant of good faith and fair dealing in several respects: (a) by failing to disclose the deal with ECP, (b) by failing to consider in good faith Dominick's funding proposals, and (c) by orally promising to pay Dominick the fee if the ECP deal closed.

Dominick's first argument is foreclosed by the language of the agreement, which did not forbid DOGAG from seeking funding on its own or require DOGAG to disclose such efforts to Dominick.

Dominick supports its second argument with a handful of emails in which DOGAG was unresponsive to Dominick's requests, and the fact that DOGAG missed an in-person meeting with a potential investor because the DOGAG representative missed his flight to that meeting due to traffic. These incidents are insufficient to demonstrate that DOGAG evaded the spirit of the agreement by failing to consider potential funding options from Dominick. See Sec. Plans, Inc., 769 F.3d at 817 ("The implied covenant does not undermine a party's general right to act on its own interests in a way that may incidentally lessen the other party's expected benefit." (internal quotation marks omitted)).

Dominick's third argument is also foreclosed by the language of the agreement. The implied covenant "can only impose an obligation consistent with other mutually agreed upon terms in the contract." Broder v. Cablevision Sys. Corp., 418 F.3d 187, 198-99 (2d Cir. 2005) (internal quotation marks omitted). Because the agreement does not entitle Dominick to a fee when the funding is secured solely by DOGAG, imposing such an obligation would be inconsistent with the obligations set forth in the agreement. To the extent Dominick argues that DOGAG's alleged promises amended the agreement, that argument is meritless considering the agreement's requirement that all modifications must be made in writing.

**3.** Dominick also appeals the district court's dismissal of its claim for unjust enrichment. However, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 587 (2d Cir. 2006) (quoting Clark–Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388 (1987)). Under the agreement, Dominick agreed to "undertake such other activities as the parties may from time-to-time mutually agree and determine ('Financial Services')." JA 25. The agreement also provides that Dominick's compensation would include an "Initial Advisory Fee", in addition to a possible finder's fee if it procured funding. JA 26. We therefore agree with the district court that the agreement explicitly sets forth the services Dominick would be required to provide and the compensation to which Dominick would be entitled for providing those services. Because Dominick provided no services for which compensation is not specified in the agreement, there is no basis for a claim of unjust enrichment.

**4.** Finally, Dominick argues that the district court abused its discretion when it *sua sponte* declined to consider Dominick's claims that (i) DOGAG breached the contract by hiring another broker; and (ii) DOGAG breached its duty of good faith and fair dealing by agreeing to an exclusivity period with ECP. The district court noted that Dominick's complaint did not include these allegations as bases for its claims and that Dominick had failed to move to amend its complaint, and therefore concluded that the claims should not be considered.

"[P]laintiffs who failed to include a claim in their complaint can move to amend the complaint; if summary judgment has been granted to their opponents, they can raise the issue in a motion for reconsideration." Greenidge v. Allstate Ins. Co., 446 F.3d 356, 361 (2d Cir. 2006). Where, as here, the plaintiff chooses to pursue neither route, "a district court does not abuse its discretion when it fails to grant leave to amend a complaint without being asked to do so." Id.; see also Mauro v. S. New England Telecomms., Inc., 208 F.3d 384, 386 n.1 (2d Cir. 2000) (concluding that the district court did not err by refusing to consider a claim

where the plaintiff failed to move for reconsideration after the district court's decision alerted him to pleading deficiencies).

We have considered the plaintiff's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court